**Clarence W. BALL, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 02–3309.

United States Court of Appeals, Federal Circuit.

DECIDED: Dec. 10, 2002.

Before MAYER, Chief Judge, MICHEL, and CLEVENGER, Circuit Judges.

PER CURIAM.

Clarence W. Ball petitions for review of the decision of the Merit Systems Protection Board ("Board") dated April 30, 2002, 91 M.S.P.R. 364, dismissing Ball's petition for enforcement of an earlier Board decision and affirming the back pay calculation of the United States Postal Service. We *affirm.*

## BACKGROUND

On August 9, 1996 the United States Postal Service ("Postal Service") removed Clarence W. Ball, for physically assaulting a co-worker while on duty at the Philadelphia Bulk Mail Center. Ball appealed and the administrative judge ("AJ") mitigated Ball's removal to a five-day suspension and ordered the Postal Service to retroactively restore Ball to his former position. This mitigation decision became final on October 28, 1999.

On March 6, 2000, Ball filed a petition for enforcement of the mitigation decision with the Board's Northeastern Regional Office. At this point the only dispute between the parties was the proper method of calculating overtime during the back pay period. More specifically, the parties disagreed on which employees should be considered similarly situated to Ball for purposes of the calculation. Ball argued Messrs. Singleton, Mullin, and Milner should be used; the agency viewed Mr. Winston Davis as most similarly situated. On April 6, 2001 the AJ granted Ball's petition for enforcement, as re-filed on August 2, 2000, and issued a Recommendation that the Postal Service restore Ball to the status quo ante by granting him overtime back pay using the comparison employees that Ball submitted—Messrs. Singleton, Mullin, and Milner—to calculate Ball's overtime pay. On April 30, 2002, the Board declined to adopt the AJ's Recommendation, instead affirming the agency's decision to use Mr. Winston Davis. In this petition for review, Ball argues the Board erred in finding Winston Davis a similarly situated employee.

## DISCUSSION

Under the Back Pay Act, 5 U.S.C. § 5596 (2000), the overtime component of a back pay award may be calculated "based either upon an employee's prior overtime experience or ... upon the overtime experience of similarly situated employees" during the back pay period. *Naekel v. Dep't of Transp.,* 850 F.2d 682, 684 (Fed. Cir.1988) ("This formula appears to be fair and apt ...."); *see also Edwards v. Dep't of Justice,* 90 M.S.P.R. 537, 542–43 (2002) ("Overtime back pay may be computed based on either the employee's pre-removal overtime assignments or the overtime worked by similarly situated employees during the back pay period."). Because the goal of an order reversing removal is to "place the employee as nearly as possible in the *status quo ante,"* the agency must select the method that will best accomplish that goal. *See Kerr v. Nat'l Endowment for the Arts,* 726 F.2d 730, 733 (Fed.Cir.1984); *see also Edwards,* 90 M.S.P.R. at 543.

In his petition to this court, Ball argues that the Board used an employee that was not similarly situated to him because this employee placed himself only on two of the three available "overtime desired" lists

("ODLs")—the lists the Postal Service uses to assign overtime. Thus, he argues, the Board should have either adopted his (and the AJ's) suggested list of similarly situated employees or applied an "opportunity missed" calculation, paying him for all overtime hours he could have worked had he not been removed. For the reasons articulated below, we must reject both arguments.

■ First, we decline to require an "opportunity missed" methodology for calculating overtime back pay. The Board has already rejected such an approach, and we think rightfully so. *Anderson v. Dep't of the Air Force*, 33 M.S.P.R. 651, 656 n. 3 (1987) ("[W]e reject outright the appellant's argument that since ... he would have worked all of the hours available to him, he should have been paid for [them]."). An "opportunity missed" method is not an accurate measure of the overtime an employee would have worked. This method would frequently overstate the amount of overtime that an employee would have worked because virtually no employee takes advantage of every overtime opportunity. As such, it is a less accurate method than either using the employee's past record of overtime or the record of overtime of similarly situated employees because both of these measures reflect actual experiences. We therefore decline to reverse the Board for failing to use an "opportunity missed" method for calculating overtime back pay.

■ Second, we find that the Board's use of Mr. Winston as a "similarly situated" employee was reasonable and supported by substantial evidence. To determine whether comparison employees are situated similarly the agency may consider the skill level, shift worked, and position held. *Tippetts v. United States Postal Serv.*, 82 M.S.P.R. 497, 501–02 (1999). Here, the agency used Winston because he was of similar seniority, had the same days

off ("drop days"), and took similar advantage of overtime opportunities as had Petitioner in his last pay periods. Seniority is a pertinent factor because overtime is often granted on this basis, with senior employees getting priority. "Drop days" are important because an employee's schedule plays a large role in whether or not he works overtime. While it is true that Winston had his name on only two of the three possible ODLs and that ODLs are an important factor in calculating overtime, we still find that the agency's use of Winston as a similarly situated employee was reasonable and supported by substantial evidence. Winston worked 1,318.50 hours of overtime during the 55 pay periods, whereas in the last 55 periods before his removal, Ball worked 1,260.33 hours of overtime. In addition, the three persons recommended by the AJ all had different "drop days" and were of lower seniority than Petitioner and were therefore appropriately rejected by the agency and the Board.