# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHELLI FINCH,
              Appellant,

                    v.

DEPARTMENT OF VETERANS
      AFFAIRS,
              Agency.

DOCKET NUMBER
DE-0752-12-0006-C-1

DATE: August 29, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Vernon R. Cook, Oacoma, South Dakota, for the appellant.

Aleksander D. Radich, Esquire, Cheyenne, Wyoming, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective September 6, 2011, the agency removed the appellant from her position as a GS-6 Licensed Practical Nurse (LPN). MSPB Docket No. DE-0752-12-0006-I-1 (0006-I-1), Initial Appeal File (IAF), Tab 4, Subtab 4a. The appellant filed a timely appeal. 0006-I-1, IAF, Tab 1. While that appeal was pending, the agency rescinded the removal action and moved to dismiss the appeal as moot.[2] *Id.*, Tabs 12, 15. The appellant argued that the appeal was not

---

[2] After rescinding the September 6 removal, the agency reissued a new proposal notice and removed the appellant for the second time, effective February 5, 2012. *See* MSPB Docket No. DE-0752-12-0205-I-2 (0205-I-2), IAF, Tab 15, Initial Decision (0205-I-2 ID) at 2-3. The appellant timely appealed the second removal. 0205-I-2 ID at 3. On March 8, 2012, the administrative judge joined the appellant's two pending appeals, MSPB Docket Nos. DE-0752-12-0006-I-1 and DE-0752-12-0205-I-1, for adjudication. 0006-I-1, IAF, Tab 23. On May 24, 2012, the joined appeals were dismissed without prejudice to refile, and were automatically refiled by the field office on June 29, 2012. 0006-I-1 IAF, Tab 32 at 3; MSPB Docket No. DE-0752-12-0006-I-2 (0006-I-2), IAF, Tab 1, Initial Decision (0006-I-2 ID) at 3. On September 5, 2012, the administrative judge conducted a joint hearing of both appeals. 0006-I-2 ID at 1 n.1. The administrative judge issued separate initial decisions in the two appeals. 0006-I-2 ID; 0205-I-2 ID.

moot because the agency had not returned her to the status quo ante because it had failed to restore her to an LPN position, pay all her back pay, provide adequate documentation regarding the calculation of her back pay, properly restore her health benefits, and expunge all references to the removal from her personnel records. *Id.*, Tabs 16, 18, 25. She also alleged discriminatory disparate treatment and retaliation for prior equal employment opportunity (EEO) activity. *Id.*, Tab 18 at 10-20.

¶3      On October 26, 2012, the administrative judge issued an initial decision finding that the agency: (1) had demonstrated a compelling reason for detailing the appellant out of her position of record; (2) submitted sufficient documentation showing that the appellant was paid the appropriate amount of back pay; and (3) processed the appellant's request for restoration of health benefits in accordance with her election. 0006-I-2 ID at 5-9. However, the administrative judge found that the agency failed to expunge all references to the appellant's termination from her Official Personnel File, and, accordingly, the appeal was not moot. 0006-I-2 ID at 9-10. As the appeal was not moot, the administrative judge proceeded to adjudicate the removal appeal and found that the agency had failed to provide the appellant minimal due process. 0006-I-2 ID at 10-13. The administrative judge thus reversed the removal action and ordered the agency to cancel the removal, restore the appellant effective September 6, 2011, and provide her with all back pay and benefits.[3] 0006-I-2 ID at 17-18.

¶4      The appellant petitioned for review of the initial decision, arguing that the administrative judge erred in upholding the agency's calculation of her back pay and restoration of her health benefits and failed to provide her with a fair hearing. 0006-I-2, Petition for Review (PFR) File, Tab 1. The Board denied the appellant's petition for review and forwarded her allegations of the agency's noncompliance pertaining to back pay and benefits to the field office for

_____

[3] The administrative judge also determined that the appellant had failed to prove the affirmative defense of reprisal for prior EEO activities. 0006-I-2 ID at 13-18.

adjudication as a petition for enforcement. *Id.*, Tab 6 at 2; MSPB Docket No. DE-0752-12-0006-C-1 (C-1); Compliance Appeal File (CAF), Tab 1.

¶5    On December 5, 2013, the administrative judge denied the petition for enforcement, finding that the agency had appropriately handled the appellant's premium back pay and restoration of health benefits. CAF, Tab 7, Compliance Initial Decision (CID) at 3-5.

¶6    On January 9, 2014, the appellant filed a "compliance petition for supplemental review and/or reconsideration" of MSPB Docket Numbers DE-0752-12-0006-I-1 and DE-0752-12-0205-I-1[4]. C-1, PFR File, Tab 1 at 1. The Office of the Clerk of the Board docketed the filing as a petition for review of the compliance initial decision in MSPB Docket No. DE-0752-12-0006-C-1. *Id.*, Tab 2.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7    In her petition for review, the appellant, among other things, attacks the compliance initial decision, arguing again that the agency:   (1) improperly calculated her back pay; and (2) improperly reinstated her Federal Employee Health Benefits (FEHB) retroactively without consulting her. C-1, PFR File, Tab 1 at 9-13.   The rest of her compliance petition for review attacks the administrative judge's handling of the hearing and the decisions on the merits of the two removal actions. *Id.* at 1-9, 13-16.   However, the Board issued final orders on the merits of the adverse actions on September 9, and 13, 2013, and the appellant was advised of her appeal rights at that time. *See* 0205-I-2, PFR File, Tab 6; 0006-I-2, PFR File, Tab 6.   It is well settled that an employee's arguments on the merits of her case will not be considered by the Board in a petition for review of the denial of a petition for enforcement. *Connor v. U.S. Postal Service*,

---

[4] In a September 9, 2013 final order, the Board affirmed the initial decision that mitigated the appellant's second removal to a 30-day suspension. 0205-I-2, PFR File, Tab 6.

50 M.S.P.R. 389, 395 (1991); *Nelson v. Veterans Administration,* 27 M.S.P.R. 133, 135 (1985).  Accordingly, only the appellant's arguments pertaining to the agency's compliance with the October 12, 2012 initial decision and the September 13, 2013 final order will be considered here.

The agency properly determined the appellant's back pay.

¶8    The appellant argues that the agency improperly calculated her premium back pay for Sundays and holidays by using an "arbitrary methodology" that failed to return her to the status quo ante, and that the administrative judge erred by affirming the agency's calculations.  C-1, PFR File, Tab 1 at 9-13. Specifically, she argues that the initial decision is contrary to law because:  (1) it relies on case law pertaining to overtime back pay, which should not be applied to premium back pay; and (2) it upholds a methodology that fails to compensate her in accordance with 5 C.F.R § 550.805(a)(1), which requires that the employee "shall be deemed to have performed service for the agency during the period covered by the corrective action."  *Id.*

¶9    When the Board orders an agency action cancelled, the ultimate goal is to place, as nearly as possible, the appellant in the status quo ante; that is, the situation in which she would have been had the wrongful personnel action not occurred. *Kerr v. National Endowment for the Arts,* 726 F.2d 730, 733 (Fed. Cir. 1984); *Owens v. Department of Transportation*, 99 M.S.P.R. 377, ¶ 6 (2005). This obligation requires paying her all the back pay to which she is entitled under the Back Pay Act, including the pay, annual and holiday leave, allowances, or differentials plus interest she normally would have earned or received but for the wrongful personnel action.  *See Vidal v. U.S. Postal Service*, 84 M.S.P.R. 395, ¶ 10 (1999).  It also generally includes the premium pay she would have received but for the action.  *Owens,* 99 M.S.P.R. 377, ¶ 6.

¶10    In the instant appeal, the record shows that the agency determined the premium pay due to the appellant by calculating the percentage of Sundays and

holidays she worked for a 2½-year period prior to the removal notice and then using that percentage to extrapolate the premium pay she would have earned but for the removal. 0006-I-1, IAF, Tab 19 at 8. The administrative judge found this method was reasonable or workable, and consistent with Board precedent. CID at 3-4; *see House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005).

¶11    Contrary to her argument, it is well settled that an appellant's entitlement to premium back pay is computed using the same principles applied to overtime back pay. *See House*, 98 M.S.P.R. 530, ¶ 9; *Blanchard v. Department of Justice,* 40 M.S.P.R. 513, 515-16 (1989). Both overtime and premium back pay may be calculated, as the agency did here, by using the average premium hours worked by the employee prior to the removal to extrapolate the premium hours she would have worked but for the removal. *See id.* The Board will not nullify the method employed by the agency in calculating a back pay award absent a showing that the method was unreasonable or unworkable. *Ball v. U.S. Postal Service*, 91 M.S.P.R. 364, ¶ 10, *aff'd*, 53 F. App'x 910 (Fed. Cir. 2002); *Vidal*, 84 M.S.P.R. 395, ¶ 12. We discern no error in the administrative judge's finding that the agency applied a reasonable or workable method to determine the appellant's premium back pay.

¶12    Next, the appellant argues that the agency's methodology for calculating her premium back pay violates 5 C.F.R. § 550.805(a)(1) because it fails to compensate her as if she "performed service for the agency during the period covered by the corrective action." C-1, PFR File, Tab 1 at 12-13. In determining the appropriate amount of premium back pay, however, the agency is not required to reconstruct the actual times the appellant would have worked. *See Welber v. U.S. Postal Service,* 72 M.S.P.R. 244, 246 n.2 (1996). The agency may use either of the methods discussed above for computing the premium pay that the appellant likely would have earned but for the wrongful personnel action. *Id.* In this case, the agency used an acceptable method when it calculated the appellant's premium back pay based on her history of working premium assignments for the 2½-year

period before the removal. We discern no reason to find that this time period was unreasonable or unworkable. *See Ball*, 91 M.S.P.R. 364, ¶ 10; *Vidal*, 84 M.S.P.R. 395, ¶ 12. Accordingly, we agree with the administrative judge that the agency's calculation of premium back pay was reasonable or workable, and that the agency paid the appellant an appropriate amount of back pay. CID at 4.

The agency properly reinstated the appellant's health benefits.

¶13        The appellant next argues that the agency improperly retroactively reinstated her FEHB without consulting her, thereby depriving her of her statutory right to elect when to reinstate her FEHB.[5] C-1, PFR File, Tab 1 at 12-13. The administrative judge determined that the appellant made a valid election to retroactively reinstate her FEHB when, on January 3, 2012, she signed a Health Benefits Election Form, Standard Form (SF) 2809, indicating an effective date of September 6, 2011. CID at 4-5; *see* 0006-I-1, IAF, Tab 19 at 14.

¶14        On review, the appellant fails to present any evidence or argument to suggest that her signed SF-2809 should not be considered her valid election to have her FEHB retroactively restored. *See* C-1, PFR File, Tab 1 at 12-13. We therefore agree with the administrative judge that the appellant made a valid election to reinstate her FEHB effective September 6, 2011, and that the agency took the appropriate actions to effectuate this election. *See* CID at 4-5.

_____

[5]The appellant's petition for review also argues that she never elected to reinstate her FEHB during the period of November 28, 2011, through January 2-3, 2012, and that she was forced to pay for health benefits that were not in effect from November 28, 2011, through February 4, 2012. C-1, PFR File, Tab 1 at 12-13. However, she did not present these arguments in her petition for enforcement or at any time before the administrative judge. *See* 0006-I-2, PFR File, Tab 1 at 6-9; CAF, Tab 6 at 3. The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not attempted to show that her new argument is based on new or material evidence not previously available. C-1, PFR File, Tab 1 at 12-13. Accordingly, the appellant's new arguments will not be considered for the first time on review.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.