**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

**2015 MSPB 59**

Docket No. DA-0752-11-0212-C-1
DA-0752-12-0595-C-1[1]

**Colbert Allen Rittgers,**

**Appellant,**

**v.**

**Department of the Army,**

**Agency.**

November 4, 2015

Charles C. Smith, Esquire, Corpus Christi, Texas, pro se.

Alex Lopez, Esquire, and Kenneth M. Muir, Esquire, Corpus Christi, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      This matter is before the Board on the appellant's petition for review of the compliance initial decision, which found the agency partially in compliance with the Board's final order. For the reasons set forth below, we GRANT the appellant's petition for review. We AFFIRM the compliance initial decision's

---

[1] The administrative judge issued an erratum correcting the docket numbers on the first page of the compliance initial decision. *Rittgers v. Department of the Army*, MSPB Docket No. DA-0752-11-0212-C-1, Compliance File, Tab 10.

finding that the agency is not in compliance concerning restoration of annual leave and contributions to the appellant's Thrift Savings Plan (TSP) account. We MODIFY the compliance initial decision to address the agency's argument that the appellant was not entitled to TSP contributions for the 6-month periods following each of his in-service withdrawals. We REVERSE the compliance initial decision's finding that the method the agency used to calculate the appellant's overtime back pay is in compliance with the Board's final order.

BACKGROUND

¶2      The appellant filed a petition for enforcement of the Board's final order in *Rittgers v. Department of the Army*, MSPB Docket Nos. DA-0752-11-0212-B-1 and DA-0752-12-0595-I-1, which ordered the agency to cancel two indefinite suspensions and pay him the correct amount of back pay, interest on back pay, and other benefits. *Rittgers v. Department of the Army*, MSPB Docket No. DA-0752-11-0212-C-1, Compliance File (CF), Tab 1. The appellant alleged that the agency failed to comply with this final order by not fully restoring his annual leave, failing to make the appropriate contributions to his TSP account, and erroneously calculating his overtime back pay. CF, Tab 5. During the compliance proceedings, the agency acknowledged that it failed to properly process the appellant's TSP contributions. CF, Tab 4 at 4-6. The agency proposed to remedy the error by giving the appellant a lump sum payment of $8,613.33, which the agency stated was "an accurate approximation of the amount owed due to its failure to process the TSP elections." *Id.* at 6. The agency asserted that, because the appellant is no longer an employee, no contributions can be made into his TSP account, and a lump sum payment is the only method available to address the TSP contribution portion of the appellant's back pay award. CF, Tab 6 at 5-6.

¶3      In her compliance initial decision, the administrative judge found that the agency was in compliance with the final order regarding the appellant's overtime

back pay. CF, Tab 8, Compliance Initial Decision (CID) at 5-7. The administrative judge found that the agency was not in compliance with the Board's final order regarding payment to the appellant for annual leave and contributions to his TSP account. CID at 4-5, 7-10. The agency has filed a statement of compliance pursuant to 5 C.F.R. § 1201.183(a)(6)(i), which is being processed under MSPB Docket Nos. DA-0752-11-0212-X-1 and DA-0752-12-0595-X-1.

¶4      The appellant has filed a petition for review of the compliance initial decision, arguing that he had insufficient time to respond to new evidence and arguments filed by the agency, the administrative judge failed to address whether the contributions to his TSP account should include contributions for the 6-month periods following two in-service withdrawals, and the administrative judge erred in finding that the agency applied an appropriate method for calculating his overtime back pay. Compliance Petition for Review (CPFR) File, Tab 2. The agency has filed an opposition to the appellant's petition for review, but has not filed a petition for review. CPFR File, Tab 3. The appellant has filed a reply to the agency's opposition. CPFR File, Tab 5.

## ANALYSIS

The administrative judge did not abuse her discretion in determining when to close the record.

¶5      As a preliminary matter, the appellant notes that he did not have adequate time to respond to the agency's new evidence and arguments, which he received 1 day prior to the record closing. CPFR File, Tab 2 at 5. Determining when to close the record is within an administrative judge's sound discretion, but such discretion must comport with basic requirements of fairness and notice. *Blackmer v. Department of the Navy*, 52 M.S.P.R. 571, 574 (1992). The parties were on notice that the agency had until the close of the record to file new evidence and arguments. CF, Tab 3. The appellant did not object to the order establishing the timeframes for filing evidence, nor did he request additional time

to prepare a response to the agency's new evidence.  The appellant's failure to timely object to the administrative judge's order or to file an extension request below precludes him from doing so on petition for review.  *See Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (finding that the appellant's failure to timely object to the administrative judge's rulings on witnesses precluded his doing so on petition for review).

¶6        Evidence and argument can be accepted after the record closes in rebuttal to new evidence or argument submitted by the other party just before the record closed.  5 C.F.R. § 1201.59(c)(2).  It does not appear that the appellant attempted to file any additional evidence or argument in rebuttal to the agency's March 12, 2015 pleading.  Moreover, the appellant now has had the opportunity to address the agency's new evidence and argument through his petition for review, CPFR File, Tab 2 at 6, and we have addressed those arguments in this order.  Thus, we find that the appellant was not prejudiced by receiving the agency's pleading 1 day prior to the record closing.

The appellant was not entitled to contribute to his TSP account during the 6-month periods following his in-service withdrawals, and his back pay award should have been calculated accordingly.

¶7        The regulations implementing the Back Pay Act require that an agency correct errors affecting an employee's TSP account consistent with the regulations prescribed by the Federal Retirement Thrift Investment Board (FRTIB).  *Price v. U.S. Postal Service*, 118 M.S.P.R. 222, ¶ 16 (2012) (citing 5 C.F.R. § 550.805(h)).  The appellant received financial hardship in-service withdrawals from his TSP account on August 18, 2010, and February 25, 2011.  CF, Tab 6, Exhibits (Exs.) 28-29.  A participant who obtains a financial hardship in-service withdrawal may not contribute to the TSP for a period of 6 months after the withdrawal is processed.  5 C.F.R. § 1650.33(b).  The agency stated that based on this regulation it overestimated the amount of the make-up contributions due to the appellant.  CF, Tab 6 at 6.

¶8        The appellant contends that the administrative judge did not explicitly state whether, in calculating the appellant's TSP contributions, the agency should include contributions during the 6-month periods following his withdrawals. CPFR, Tab 2 at 6.  Concerning the first withdrawal, the appellant argues that he would not have withdrawn the funds from his TSP account but for the agency placing him on administrative leave prior to his indefinite suspension and the corresponding loss of overtime pay.  *Id.*  The placement of the appellant on paid administrative leave prior to his indefinite suspension is not an appealable action. *See LaMell v. Armed Forces Retirement Home*, 104 M.S.P.R. 413, ¶ 7 (2007). The Board's authority to make an aggrieved employee whole under the Back Pay Act extends back only to the effective date of the reversed adverse action. *Mattern v. Department of the Treasury*, 291 F.3d 1366, 1370-71 (Fed. Cir. 2002). The Board has no authority to order that the appellant's back pay award include contributions to his TSP account for the 6-month period following his first in-service hardship withdrawal, which occurred prior to the effective date of his first indefinite suspension.

¶9        The second withdrawal occurred after the effective date of the first indefinite suspension.  CF, Tab 6, Exs. 28-29.  The negative consequences of this second withdrawal could be related to the appellant's indefinite suspension and could represent damages.  *See Giove v. Office of Personnel Management*, 106 M.S.P.R. 53, ¶ 9 (2007).  However, the instant appeal does not fall into one of the limited categories of cases in which the Board is authorized to award damages.  5 C.F.R. § 1201.202(b)-(d).  The appellant has not identified any provision in the Back Pay Act or the FRTIB's regulations that would permit the Board to award this type of damages.  Therefore, we find that he is not entitled to an order requiring contributions to his TSP account for the 6-month period following his second in-service hardship withdrawal.

<u>The appellant is not entitled to restoration of the funds he withdrew from his TSP account.</u>

¶10    The appellant also argues that the administrative judge failed to address properly whether the agency was required to restore the funds he withdrew from his TSP account.  CPFR File, Tab 2 at 10.  The appellant cites 5 C.F.R. § 1605.13(d) for the proposition that the agency was required to restore the $47,945.67 that he withdrew.  *Id.*  In accordance with the FRTIB's regulations, employees who are separated from service are entitled to restore funds withdrawn from their TSP accounts at the time of their separations.  5 C.F.R. § 1605.13(d). The appellant's withdrawals were financial hardship in-service withdrawals. CPFR File, Tab 2 at 6, Tab 5 at 5-6.  Because the appellant's withdrawals were in-service and not withdrawals upon separation, he was not entitled to restore the withdrawn funds.  5 C.F.R. § 1605.13(d).  Even if this regulation was applicable, it allows an employee to restore withdrawn funds, but does not require any action by the agency.  *Id.*; *see Crazy Thunder-Collier v. Department of the Interior*, 115 M.S.P.R. 82, ¶ 13 (2010).

¶11    Although the appellant is not entitled to restore the withdrawn funds or to make TSP contributions for the 6-month periods following his withdrawals, we affirm the administrative judge's finding that the agency has not demonstrated that it is in compliance with the Board's final order regarding the appellant's TSP contributions.  The agency has the burden of proving its compliance with a Board final decision with the support of relevant, material, and credible evidence. *Gondek v. Department of the Army*, 107 M.S.P.R. 292, ¶ 4 (2007).  The agency admits it failed to deduct the appropriate TSP contributions from the appellant's back pay and remit the make-up contributions to the FRTIB.  CID at 7-10.  Based on our review, we find that the agency has not presented any additional evidence in the petition for review proceedings that proves it is in compliance regarding the appellant's TSP contributions.

<u>The appellant is not entitled to overtime back pay for the periods of administrative leave prior to his indefinite suspensions.</u>

¶12      The appellant also argues that his back pay award should have included back pay for overtime that he would have worked during two periods of administrative leave prior to his two indefinite suspensions.  CPFR File, Tab 2 at 9.  Although the Back Pay Act is designed as a make-whole remedial statute, it is not without limits.  *Mattern*, 291 F.3d at 1370.  Placing the appellant on administrative leave prior to his indefinite suspensions was not an adverse action and is not remediable by the Board under the Back Pay Act.  *Id.*  The Board lacks jurisdiction to award back pay for pay enhancements such as overtime pay lost during periods of administrative leave preceding an appealable action.  *See Harris v. U.S. Postal Service*, 89 M.S.P.R. 208, ¶ 4 (2001).  Therefore, we find that the appellant is not entitled to overtime back pay for the two periods of administrative leave that preceded his indefinite suspensions.

<u>The agency should have calculated the appellant's overtime back pay according to his overtime history.</u>

¶13      When the Board reverses a personnel action, it orders that the appellant be placed, as nearly as possible, in the same situation he would have been in had the wrongful personnel action not occurred.  *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011).  Overtime back pay may be computed based on either the appellant's own overtime history or the average overtime hours worked by similarly situated employees during the relevant time period.  *Russo v. U.S. Postal Service*, 107 M.S.P.R. 296, ¶ 11 (2007).  Although the appellant is not entitled to receive a windfall, he is entitled to be restored to the status quo ante, and the agency must use the method of computation most likely to achieve this goal.  *Edwards v. Department of Justice*, 90 M.S.P.R. 537, ¶ 11 (2002).  The Board will not nullify the method employed by the agency in calculating overtime back pay in the absence of a showing that the method was unreasonable or unworkable.  *Ball v. U.S. Postal Service*, 91 M.S.P.R. 364, ¶ 10, *aff'd*, 53 F. App'x 910 (Fed. Cir. 2002).  The Board has rejected the use of the

average overtime hours worked by similarly situated employees for computing overtime back pay where an appellant's own overtime history would most nearly place the appellant in the status quo ante. *See, e.g.*, *Brady v. Department of the Navy*, 55 M.S.P.R. 693, 696-97 (1992).

¶14       The agency calculated the appellant's overtime back pay by averaging the overtime worked by employees in the same directorate, who held the same position at the same grade level as the appellant, for every pay period from 2010 through October 2012.  CF, Tab 4, Ex. 3.  The appellant argues that he worked considerably more overtime than these similarly situated employees.  CF, Tab 5 at 7.  To support his argument, the appellant provided a summary of the overtime he worked each pay period for the 3 years and 8 months immediately preceding his placement on administrative leave prior to his first indefinite suspension.  CF, Tab 5, Ex. C.

¶15       Here, as in *Brady*, the appellant's work history demonstrates that he worked substantial amounts of overtime in the period immediately preceding his indefinite suspensions, and worked significantly more overtime than similarly situated employees.  Comparing the evidence of the appellant's overtime history with that of the overtime worked for similarly situated employees, the appellant's overtime history is the method more likely to place him in the status quo ante. *Compare* CF, Tab 4, Ex. 3, *with* CPFR File, Tab 2 at 12-53.

¶16       The agency argues that overtime varies from month-to-month and year-to-year depending on budget and workload.  CF, Tab 6 at 7.  Such a statement, without supporting evidence, is insufficient to justify ignoring the appellant's overtime work history. *See Brady*, 55 M.S.P.R. at 697.  The agency has not presented any evidence that the conditions during the periods of time that the appellant was indefinitely suspended varied in some way that would justify ignoring his overtime history in calculating his overtime back pay.  Thus, the method the agency used to calculate the appellant's overtime back pay was not

the one most likely to return the appellant to the status quo ante, and the agency must recalculate it based on the appellant's overtime history.

¶17 Because we have found the agency in noncompliance, the agency is being directed to file evidence of compliance with the Clerk of the Board, and the appellant will be afforded the opportunity to respond to that evidence. The appellant's petition for enforcement will be referred to the Board's Office of General Counsel, and, depending on the nature of the submissions, an attorney with the Office of General Counsel may contact the parties to further discuss the compliance process. The parties are required to cooperate with that individual in good faith. Because the purpose of the proceeding is to obtain compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and any objections to that evidence. Thereafter, the Board will issue a final decision fully addressing the appellant's petition for review of the compliance initial decision[2] and setting forth the appellant's further appeal rights and the right to attorney fees, if applicable.

## ORDER

¶18 We ORDER the agency to submit to the Clerk of the Board within 60 days of the date of this Opinion and Order satisfactory evidence of compliance. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance. The agency's submission shall demonstrate that it properly calculated the appellant's overtime back pay according to his overtime history, correctly calculated the appellant's TSP make-up contributions, and contacted the FRTIB so that it can calculate the accurate breakage on the appellant's make-up

---

[2] The subsequent decision may incorporate the analysis and findings set forth in this Opinion and Order.

contributions as required by 5 C.F.R. § 1605.2.  The agency must serve all parties with copies of its submission.

¶19      The agency's submission should be filed in the compliance referral matter currently pending with the Board's Office of General Counsel under **MSPB Docket No. DA-0752-11-0212-X-1** pursuant to 5 C.F.R. § 1201.108(a)(6)(i).  All subsequent filings should refer to the compliance referral docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions also may be made by electronic filing at the Board's e-Appeal site (https://e-appeal.mspb.gov) in accordance with its regulation at 5 C.F.R. § 1201.14.

¶20      The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission.  5 C.F.R. § 1201.183(a)(8).  If the appellant does not respond to the agency's evidence of compliance, the Board may assume that he is satisfied with the agency's actions and dismiss the petition for enforcement.

¶21      The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case.  5 C.F.R. § 1201.183(a).  The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with."  5 U.S.C. § 1204(e)(2)(A).

¶22      This Opinion and Order does not constitute a final order and therefore is not subject to judicial review under 5 U.S.C. § 7703(a)(1).  Upon the Board's

final resolution of the remaining issues in the petition for enforcement, a final order shall be issued, which then shall be subject to judicial review.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.