# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROCHELLE M. WYATT,

        Appellant,

      v.

UNITED STATES POSTAL SERVICE,

        Agency.

DOCKET NUMBER
AT-0353-16-0492-C-1

DATE: February 2, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>David Champion</u>, Memphis, Tennessee, for the appellant.

<u>Luis O. Rodriguez</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## ORDER

¶1      The appellant has filed a petition for review of the September 25, 2017 compliance initial decision, which found the agency in partial noncompliance with the Board's final decision in the underlying appeal. *Wyatt v. U.S. Postal*

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

*Service*, MSPB Docket No. AT-0353-16-0492-C-1, Compliance Petition for Review (CPFR) File, Tab 1; *Wyatt v. U.S. Postal Service*, MSPB Docket No. AT-0353-16-0492-C-1, Compliance File (CF), Tab 10, Compliance Initial Decision (CID). For the reasons set forth below, the appellant's compliance petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2　　On September 25, 2017, the administrative judge issued a compliance initial decision finding the agency in noncompliance with the Board's final decision in the underlying appeal to the extent it had failed to pay the appellant any back pay. CID at 1-3. Accordingly, the administrative judge granted the appellant's petition for enforcement and ordered the agency to pay her the ordered back pay. CID at 3. Regarding the disputed issue of entitlement to overtime pay as part of the back pay award, the administrative judge agreed with the agency's position that the appellant was not entitled to it because she did not have a history of working overtime during the time of year included in the back pay period. CID at 3 n.2.

¶3　　The administrative judge informed the agency that, if it decided to take the actions required by the compliance initial decision, it must submit to the Clerk of the Board a narrative statement and evidence of compliance and that, if it decided not to take the required actions, it must file a petition for review. CID at 4-5; 5 C.F.R. § 1201.183(a)(6)(i)-(ii). The administrative judge also informed the appellant that she could request Board review of the compliance initial decision by filing a petition for review within 35 days, i.e., no later than October 30, 2017, or within 30 days after she actually received the decision if she proved that she received it more than 5 days after issuance. CID at 5. The administrative judge provided the appellant specific instructions regarding how to file a petition for review. CID at 5-8.

¶4		On October 30, 2017, the agency filed a statement of compliance pursuant to 5 C.F.R. § 1201.183(a)(6)(i), and the matter was referred to the Board for a final decision on the agency's compliance.[2] *Wyatt v. U.S. Postal Service*, MSPB Docket No. AT-0353-16-0492-X-1, Compliance Referral File (CRF), Tabs 1-2; *see* 5 C.F.R. § 1201.183(c).  In a November 15, 2017 response, the appellant, through her representative, challenged the agency's compliance, arguing that it had not paid her the appropriate amount of back pay and improperly denied her overtime back pay.  CRF, Tab 3.

¶5		In a May 22, 2018 Order, the Board informed the appellant that her response to the agency's compliance submission appeared to challenge the administrative judge's finding that she was not entitled to overtime pay as part of her back pay award but that such challenge must be raised with the Board through a petition for review of the compliance initial decision.[3]  CRF, Tab 4. Accordingly, the Board ordered the appellant to state whether she intended her November 15, 2017 compliance response to also serve as a petition for review of the compliance initial decision.  *Id.* at 1-2.  The appellant responded in the affirmative, and the Board docketed her November 15, 2017 submission as a petition for review of the September 25, 2017 compliance initial decision.  CRF, Tab 5 at 2; CPFR File, Tabs 1-2.

¶6		In a June 14, 2018 letter acknowledging the appellant's compliance petition for review, the Board informed her that her petition appeared to be untimely filed because it was not filed on or before October 30, 2017, the 35th day following the issuance of the compliance initial decision, or within 30 days after receipt of the

---

[2] The agency's compliance with the actions identified in the compliance initial decision will be addressed in a separate order in MSPB Docket No. AT-0353-16-0492-X-1.

[3] Pursuant to the Board's regulations, an appellant's challenges to an initial decision may be raised with the Board through a petition for review of that decision, not through a response to the noncomplying party's statement of compliance.  *See* 5 C.F.R. §§ 1201.114(a)(1), 1201.183(a)(1).

decision if it was received more than 5 days after issuance. CPFR File, Tab 2 at 1-2. The letter explained to the appellant that the Board's regulations require a petition for review that appears untimely filed to be accompanied by a motion to accept the filing as timely and/or to waive the time limit for good cause. *Id.* at 2.

¶7 On June 25, 2018, the appellant filed a motion to waive the deadline for filing her petition for review on the ground that she did not understand that the compliance initial decision denied her claim for overtime back pay.[4] CPFR File, Tab 3

## ANALYSIS

¶8 A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, within 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). Here, the appellant has not alleged that she received the compliance initial decision more than 5 days after its issuance. Therefore, her petition for review of the September 25, 2017 compliance initial decision must have been filed no later than October 30, 2017, i.e., the 35th day after issuance of the compliance initial decision. CID at 5. As the appellant did not file her petition for review until November 15, 2017, it is untimely filed by 16 days. CPFR File, Tab 1 at 1.

¶9 The Board will waive the deadline for filing a petition for review upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that

---

[4] On July 10, 2018, the agency responded to the appellant's motion to waive the time limit, 1 day after the agency's deadline to file such a response. CPFR File, Tab 5; *see* 5 C.F.R. § 1201.55(b). The agency subsequently filed a motion to waive its own untimeliness. CPFR File, Tab 7. Because we find herein that the appellant did not demonstrate good cause to waive the untimeliness of her petition for review, we also hereby deny as moot the agency's motion to waive its untimeliness.

she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 4 (2009); *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her petition. *Rivera*, 111 M.S.P.R. 581, ¶ 4; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶10    The appellant argues that good cause exists to excuse her 16-day filing delay because she did not understand that the compliance initial decision denied her claim for overtime back pay as it "did not clearly state the appellant would not receive overtime." CPFR File, Tab 3 at 1-2. Ordinarily, the belated discovery of a basis for filing a petition for review does not establish good cause for waiving the filing deadline. *Carroll v. Office of Personnel Management*, 114 M.S.P.R. 310, ¶ 10 (2010). Nonetheless, the Board has found good cause to excuse an untimely filed petition for review when the outcome of the appeal itself was unclear because of ambiguities in the initial decision. *Id.*

¶11    Here, the compliance initial decision did not leave the outcome of the appeal itself unclear but rather included a sufficiently clear statement that the administrative judge agreed with the agency's argument that the appellant was not entitled to overtime pay as part of her back pay award. CID at 3 n.2. Specifically, the administrative judge stated that, "[b]ased upon the evidence submitted in this matter, it appears that the agency's position that the appellant is not entitled to overtime is valid because she does not have a history of working overtime except around Christmas, and the back pay period in the instant matter does not include the Christmas period." *Id.* She also noted that "[t]he Board's

back pay award does not seek to put the appellant in a better position than she would have been otherwise." *Id.* The appellant's claim that she failed to comprehend the effect of these statements, particularly given that she was represented at all times during the compliance proceedings, is not reasonable and thus does not demonstrate good cause for her untimeliness.

¶12 The appellant has not alleged any other basis for finding that good cause existed to excuse her filing delay and thus has not shown that she exercised due diligence or ordinary prudence in filing her petition. In addition, we note that she was represented and that her filing delay of 16 days was not minimal. *See, e.g.*, *Crozier v. Department of Transportation*, 93 M.S.P.R. 438, ¶ 7 (2003) (finding 13-day delay in filing petition for review was not minimal); *Beck v. General Services Administration*, 86 M.S.P.R. 489, ¶ 7 (2000) (15-day delay not minimal). Accordingly, the appellant has not established good cause to excuse her filing delay.

¶13 In light of the foregoing, we dismiss the appellant's petition for review as untimely filed without good cause shown.[5] This Order does not constitute a final order and therefore is not subject to judicial review under 5 U.S.C. § 7703(a)(1). Upon the Board's final resolution of the remaining issues in this petition for

---

[5] Even if the appellant had timely filed her petition for review, she has not shown any error in the administrative judge's determination that she was not entitled to overtime pay as part of her back pay award. Overtime may be calculated either on the basis of an employee's prior overtime assignments or upon the experience of similarly situated employees during the relevant period. *Ball v. U.S. Postal Service*, 91 M.S.P.R. 364, ¶ 8, *aff'd*, 53 F. App'x 910 (Fed. Cir. 2002). However, a status quo ante remedy does not require that the appellant be placed in a better position than she was in at the time of the agency's action. *Hagan v. Department of the Army*, 99 M.S.P.R. 313, ¶ 8 (2005). Here, the back pay period at issue was March 16 through July 26, 2016. The agency provided evidence showing that, during the same 4-month period in 2015 and 2017, the appellant did not work any overtime hours. CF, Tab 6 at 6-44. The appellant's submitted evidence does nothing to dispel the agency's claim, as it only shows that she worked overtime around the Christmas holiday in 2015, which does not overlap with the relevant back pay period. CF, Tab 8 at 3-4. Thus, as the administrative judge properly found, the appellant is not entitled to overtime pay as part of her back pay award.

enforcement, a final order shall be issued, which shall be subject to judicial review.


FOR THE BOARD:                    /s/ for
                                  ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.